# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-24-TLS |
| | ) | |
| LAURENCE ROTHSCHILD | ) | |

## SENTENCING OPINION

The Defendant, Laurence Rothschild, pled guilty to the single count of an Indictment, theft of government property, in violation of 18 U.S.C. § 641. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The PSR indicates that the Defendant's Total Offense Level is 10 and Criminal History Category is III, resulting in a guideline range of 10–16 months of imprisonment in Zone C of the Sentencing Table. This matter is before the Court on the Defendant's Motion for Downward Variance Pursuant to 18 U.S.C. § 3553(a) [ECF No. 37] and accompanying Memorandum in Support [ECF No. 38], both filed on February 26, 2015. The Government filed a Response [ECF No. 39] on February 27, 2015. The Defendant asks for a one-level sentencing variance pursuant to the 18 U.S.C. § 3553(a) sentencing factors. For the following reasons, the Court finds that a downward variance is appropriate in this case.

## FINDINGS OF FACT

The Defendant is a 62-year-old man who has never married and has no children. As the only child of his parents, who are both deceased, he does not have any family living in the Fort Wayne area. The Defendant lives in a minimally-furnished studio apartment. Although the Defendant's recent employment history is varied, with each job lasting for a relatively short-

term, the Defendant has actively sought employment since his release from prison in January 2010. The Defendant is also in relatively poor health, as he has issues with torn rotator cuffs in both shoulders and bilateral hernias, all of which will require surgery.

The Defendant shared a bank account with his mother, who died in January 2005. The Social Security Administration (SSA) was electronically depositing SSA money into this bank account and continued to do so after the death of the Defendant's mother, apparently unaware of her passing. After the Defendant became aware of the SSA money deposits into his account, he did not inform the SSA of their error. Instead, he continued to receive the money and used it to provide for his basic needs and necessities. In February 2014, the SSA contacted the Defendant in an effort to locate his mother, and soon after discovered the error and that the Defendant had been wrongly taking and using the money for his own benefit. The total loss amount was determined to be $60,782.10.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) (same). The Court must apply the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. After considering the § 3553(a) factors, a court must impose a sentence that is sufficient, but not

greater than necessary, to satisfy the following purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, a district court may not presume that the guideline sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). When evaluating the Guidelines recommendation, a court may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007), and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010). Ultimately, a court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

The Defendant asks the Court to grant a one-level variance, reducing his total offense level to 9. A total offense level of 9 and criminal history category of III produces a guideline sentence of 8–14 months of imprisonment and falls within Zone B of the Sentencing Table, which would allow the Court to sentence the Defendant to probation. The Defendant asks the Court to sentence him to probation and to sentence him at the low end of the guidelines. In particular, the Defendant asked to be sentenced to 8 months of home detention.

As to the history and characteristics of the defendant, the Defendant argues that at his age, 62, and poor health, his likelihood of recidivism is very low and, therefore, there is little need to protect the public from future crimes of the Defendant. As to the nature and circumstances of the offense, the Defendant argues that this was a nonviolent offense that did not involve planning or some nefarious scheme to steal or defraud the property of another. Rather,

the Defendant argues his circumstances left him in a vulnerable position to make a poor decision; namely, failing to inform the SSA that his mother had passed and that the electronically-deposited SSA checks into their shared bank account should be discontinued. The Defendant contends that he did not become aware of the SSA checks until his release from prison, a time when he was trying to start over with no job, no home, no family, and no money. The Defendant argues the money was not spent lavishly, but was simply used to provide for his basic needs and necessities. Finally, the Defendant argues that further rehabilitation of the Defendant can be accomplished through community corrections rather than incarceration, which the Defendant contends will also be more costly that supervision by a probation officer. The Government does not object to the Defendant's request for a variance, and defers to the discretion of the Court as to the appropriate sentence in this case.

Upon review of the record and the parties' arguments in this case, the Court finds that the Defendant's requested variance is appropriate. Without the variance, the Defendant's offense level of 10 and criminal history category of III would result in a guideline range of 10–16 months of imprisonment. The Defendant would further be eligible for a split-sentence because he is in Zone C of the Sentencing Table, meaning only half of that sentence would be required to be served in prison. With the one-level variance, yielding a total offense level of 9 and criminal history category of III, the Defendant would face a guideline range of 8–14 months of imprisonment. The Defendant would also be within Zone B of the Sentencing Table, and thereby be eligible for a sentence of probation and home detention. The respective sentencing ranges differ only by 2 months and whether the Defendant could serve half or all of his sentence on home detention rather than in prison.

The Defendant's offense was not an orchestrated and contemplated scheme to steal or defraud money from the SSA, but rather was an act of omission in which he had knowledge that he was receiving money he was not entitled to, yet failed to rectify the mistake. At a time when the Defendant was trying to get back on his feet, he wrongly decided to capitalize off that mistake to his own benefit. The Court notes that the Defendant has accepted responsibility for his actions, admitting that he was wrong and agreeing to repay the money. Regardless of the amount of time served, the Defendant's sentence will include a substantial restitution obligation that he will likely be working for years to satisfy, notwithstanding the challenges of finding employment at his age and his status as a felon. Despite these challenges, however, the Court notes that the Defendant has been employed by various employers since his release from prison in 2010.

The Court also finds that, based on the Defendant's age, his health, and his efforts for gainful employment, he is at a low risk of recidivism and poses little risk to the public. The Court finds that a sentence of probation, including home detention, will adequately deter future criminal conduct, promote respect for the law, and protect the public from future crimes of the Defendant.

Therefore, the Court finds that, based on the nature and circumstances of the offense, and the history and characteristics of the defendant, as well as all of the purposes of punishment—including the need to provide just punishment for the offense, to impose a sentence that reflects the seriousness of the offense and that promotes respect for the law, to adequately deter future criminal conduct, to protect the public from future crimes of the defendant, and to avoid unwarranted disparity in sentencing—a sentence of probation is sufficient, but not greater than necessary, to comply with the purposes of punishment, and anticipates imposing a term of

probation at sentencing.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion for Downward Variance [ECF No. 37] requesting a one-level variance from the advisory Guideline range. The Court anticipates imposing a term of probation. The specific sentence to be imposed will be determined at the sentencing hearing, scheduled for Thursday, March 5, 2015, at 11:00 AM.

SO ORDERED on March 3, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT